IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JEANNE CAMARENA-REVIS, | Case No. 6:19-cv-00109-AA |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| FARMERS INSURANCE, | |
| Defendant. | |

AIKEN, District Judge:

Plaintiff Jeanne Camarena-Revis seeks leave to proceed *in forma pauperis* ("IFP") in this action. (doc. 2). For the reasons set forth below, the Complaint (doc. 1) is DISMISSED with leave to amend. The Court shall defer ruling on plaintiff's IFP petition pending submission of an amended complaint.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for

meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With respect to the second determination, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

On January 23, 2019, plaintiff filed a Complaint against defendant, Farmers Insurance ("Farmers"). In the Complaint, plaintiff alleges that she was rear ended by a driver who was insured by Farmers. Before the accident plaintiff had no neck pain or known degenerative diseases. After the accident, plaintiff was diagnosed with whiplash and was either evaluated or treated by a psychiatrist. She has experienced continuing neck pain and medical needs. Plaintiff alleges that Farmers did not "list" or pay six of plaintiff's health care providers for services related to the accident. Compl. at 4. She seeks $775,000 in damages. *Id.*

There are several issues with plaintiff's Complaint, as currently pleaded. The first and most serious is jurisdictional. Federal courts are courts of limited jurisdiction, "possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quotation marks and citation omitted). Federal subject matter jurisdiction may be based upon the presence of a federal question or on diversity of citizenship. 28 U.S.C. §§ 1331, 1332. To invoke federal

question jurisdiction, a plaintiff must plead that the defendant has violated some constitutional or statutory provision. To establish diversity jurisdiction, a plaintiff must allege that he or she is a citizen of one state, that all of the defendants are citizens of other states, and that the damages are more than $75,000. An objection that a particular court lacks subject matter jurisdiction may be raised by any party, or by the court on its own initiative, at any time. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006); Fed. R. Civ. P. 12(b)(1). The court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

In this case, plaintiff is asserting federal question jurisdiction, but plaintiff does not cite any federal statute or constitutional provision as the basis for her claim. Instead, in the section of the Complaint that asks for the basis for federal question jurisdiction, plaintiff states "Tort 350 – Motor Vehicle Accident damages & medical bills that are continuing." Compl. at 3. The allegations in the Complaint also suggest that plaintiff seeks to raise a state law tort claim for Farmers' failure to pay some of her medical bills. Although federal courts may exercise diversity jurisdiction over state law tort claims, plaintiff's filings indicate that all parties are citizens of Oregon. Plaintiff cannot, therefore, establish diversity jurisdiction and this case must be dismissed.

Plaintiff's Complaint also lacks sufficient factual allegations for the Court to understand plaintiff's claim in anything but the most general terms. For example, it is clear that plaintiff believes that Farmers should pay certain medical bills related to her car accident and that her right to that payment arises in tort law. But the

Complaint does not specify what kind of tort claim plaintiff seeks to allege or why Farmers should otherwise be required to pay plaintiff's bills, when the accident and medical treatment occurred, or how that treatment was related to her injuries from the accident. Without that information, the Court is unable to properly evaluate plaintiff's claim.

Accordingly, the Complaint is DISMISSED with leave to amend. In drafting her amended complaint, plaintiff should bear in mind that the Court does not know anything about the facts of her case, other than what she includes in her pleadings.

## CONCLUSION

For the reasons set forth above, the Complaint (doc. 1) is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days in which to file an amended Complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in the entry of a judgment of dismissal. The Court defers ruling on plaintiff's IFP petition (doc. 2) until plaintiff files an amended complaint or the time for doing so has expired.

IT IS SO ORDERED.

Dated this 28 day of March 2019.

_____
ANN AIKEN
United States District Judge