IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JEANNE CAMARENA-REVIS, | Case No. 6:19-cv-00109-AA |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| DONNA STONEBERG; FARMERS INSURANCE; and JODI KARRICK, Adjuster, | |
| Defendants. | |

AIKEN, District Judge:

Plaintiff Jeanne Camarena-Revis seeks leave to proceed *in forma pauperis* ("IFP") in this action. (Doc. 2) For the reasons set forth below, the Amended Complaint (doc. 17) is DISMISSED with leave to amend, plaintiff's IFP petition (doc. 2) and Motion for Protective Order (doc. 6) are DENIED with leave to refile, and plaintiff's Motion for Appointment of Pro Bono Counsel (doc. 10) is DENIED.

Page 1 – OPINION AND ORDER

## BACKGROUND

Plaintiff was rear-ended by defendant Donna Stoneberg on February 22, 2017. Plaintiff alleges that before the accident, she did not have neck pain or any known degenerative diseases. As a result of the accident, she requires continuing medical care and suffers from emotional distress. After the accident, plaintiff was diagnosed with whiplash, evaluated or treated by a psychiatrist, and examined by a radiologist. Now, plaintiff has six unpaid medical bills.

Plaintiff filed a claim for those medical bills with defendant, Farmers Insurance ("Farmers"), which insures Stoneberg. Jodi Karrick, a claim adjuster for Farmers, was assigned to plaintiff's claim.

On November 5, 2018, Karrick emailed plaintiff stating that Farmers would likely not pay for plaintiff's ongoing medical treatment. In a letter dated April 26, 2019, Karrick informed plaintiff that Famers had reviewed plaintiff's medical records and believed that her injuries were degenerative in nature, rather than a result of the accident. Nevertheless, the letter stated that Farmers was willing to extend a settlement offer of $6,000 as a compromise. Amend. Compl. Ex I.

Plaintiff initially filed an action against Farmers on January 23, 2019, along with an IPF petition. She alleged that Farmers was liable for the payment of her medical bills. On March 28, 2019, pursuant to 28 U.S.C. § 1915, the Court dismissed the complaint for lack of subject matter jurisdiction. The Court also ordered a limited term appointment of pro bono counsel, not to exceed three hours in length, for the purpose of reviewing the case with plaintiff and discussing options for how to proceed.

After meeting with pro bono counsel, plaintiff filed her Amended Complaint. In the Amended Complaint, plaintiff added defendants Stoneberg and Karrick and included a three-page letter explaining plaintiff's claims, medical information from an examining radiologist, a letter from Farmers, and an email thread with Karrick.

Plaintiff alleges that Stoneberg, Karrick, and Farmers are liable for the payment of her medical bills. She alleges that her pain is not degenerative in nature and is a result of the accident with Stoneberg. Plaintiff seeks $775,000 in damages. Am. Compl. at 4.

## LEGAL STANDARD

When a plaintiff seeks to proceed IFP, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should

construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

### I. *Amended Complaint*

Once again, plaintiff has not established that this Court has subject matter jurisdiction over this case. Federal subject matter jurisdiction may be based upon the presence of a federal question or on diversity of citizenship. 28 U.S.C. §§ 1331, 1332. To invoke federal question jurisdiction, a plaintiff must plead that defendant has violated some constitutional or statutory provision. *Id.* at § 1331; *Franchise Tax Bd. v. Construction Laborers*, 463 U.S. 1, 27-28 (1983). To establish diversity jurisdiction, a plaintiff must allege that he or she is a citizen of one state, that all defendants are citizens of other states, and that the damages are more than $75,000. *Id.* at § 1332.

#### A. *Diversity Jurisdiction*

Although plaintiff did not formally assert diversity jurisdiction, the Court has reviewed the allegations in the Amended Complaint and concludes that she cannot establish subject matter jurisdiction on this basis. Although plaintiff seeks over $75,000 in damages, the Amended Complaint alleges that Farmers is a citizen of California and that Stoneberg, Karrick, and plaintiff are citizens of Oregon. The

presence of any party with the same citizenship as the plaintiff automatically destroys diversity jurisdiction. *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 382 (1988).

### B. *Federal Question Jurisdiction*

Plaintiff formally asserts federal question jurisdiction. The Amended Complaint asserts a total of four federal claims under the Ninth Amendment, Administrative Procedures Act ("APA"), Commerce Clause, and Federal Tort Claims Act ("FTCA").

#### 1. *Ninth Amendment*

The Ninth Amendment to the United States Constitution states "the enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. Generally, the Ninth Amendment does not independently create judicially enforceable constitutional rights. *Schowengerdt v. United States*, 944 F.3d 483, 490 (9th Cir. 1991). Plaintiff does not explain how her claims implicate this constitutional provision. Therefore, plaintiff fails to state a claim under the Ninth Amendment.

#### 2. *APA*

The APA is a federal law that enables citizens to bring legal actions against federal agencies for non-monetary claims. 5 U.S.C. § 500 et seq.; *Cato v. United States*, 70 F.3d 1103, 1111 (9th Cir. 1995). Defendants are not federal agencies, and therefore, plaintiff does state a claim under the APA.

### 3. *Commerce Clause*

The Commerce Clause gives Congress the power to "regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." U.S. Const. art. I, § 8, cl. 3. "The chief purpose underlying the [Commerce] Clause is to limit the power of States to erect barriers against interstate trade." *City of Los Angeles v. County of Kern*, 581 F.3d 841, 847 (9th Cir. 2009). Plaintiff's allegations do not involve state action, but rather the actions of private individuals. A Commerce Clause claim cannot be brought against a private individual. *See United States v. Guest*, 383 U.S. 745, 771 (1966) (finding that Constitutional provisions were not intended to create certain rights of private individuals as against other private individuals). Therefore, plaintiff does not state a claim under the Commerce Clause.

### 4. *FTCA*

The FTCA is a federal law that makes the United States liable for torts committed by its employees in the course and scope of their federal office or employment. 28 U.S.C.A. § 2674; *Thorne v. United States*, 479 F.2d 804, 807 (9th Cir. 1973). Here, plaintiff's tort allegations are against private individuals and entities who were not operating as employees of the federal government during the events in the allegations. Therefore, plaintiff does not state a claim under the FTCA.

### 5. *State Law Claims*

Plaintiff alleges state law claims under the Oregon's Unfair Claim Settlement Practices Statute, ORS 746.230, the Restatement of Contracts, Article I Section 10 of

the Constitution of Oregon, and "Tort 350." Am. Compl. at 3, 6-8. State law claims cannot give rise to federal question jurisdiction. 28 U.S.C. § 1331; *Franchise Tax Bd.*, 463 U.S. at 27-28.

C. *Summary*

In sum, the Amended Complaint does not establish federal subject matter jurisdiction. Because the Amended Complaint fails to state a claim under the Ninth Amendment, APA, Commerce Clause or FTCA, this Court does not have federal question jurisdiction over the case. Moreover, the core of the Amended Complaint consists of state-law insurance, tort, and contract law claims against defendants. Because plaintiff and two of the defendants are citizens of Oregon, this Court does not have diversity jurisdiction over the case. Plaintiff's case may be better suited for state court where these state law claims can be addressed.

The Amended Complaint is DISMISSED with leave to amend.

II. *Other Pending Motions*

Plaintiff has filed a Motion for Appointment of Pro Bono Counsel (doc. 10). Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(e), this Court has discretion to request volunteer counsel for indigent parties in exceptional circumstances. *Wood v. Housewright* 900 F.2d 1332, 1335 (9th Cir. 1990); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). To determine whether exceptional circumstances exist, this Court evaluates the party's likelihood of success on the merits and her ability to articulate her claims *pro se* in light of the

complexity of the legal issues involved. *Wood,* 900 F.3d at 1335-36; *Wilborn,* 789 F.2d at 1331. At this stage, the Court does not find that exceptional circumstances exist to warrant appointment of counsel. The facts and legal issues involved in this case are not of substantial complexity to necessitate appointment of counsel, and plaintiff has demonstrated an ability to articulate her claims. Accordingly, plaintiff's motion is DENIED.

The Court cannot evaluate plaintiff's IFP petition (doc. 2) because it is incomplete. Therefore, the petition is DENIED with leave to refile. If plaintiff files an Amended IFP petition, she should take care to specify the pay period for her last employment under question 2b on page 2 of the petition and to state the value of each asset listed under question 6 on page 3 of the petition.

Finally, plaintiff filed a Motion for Protective Order (doc. 6) under Federal Rule of Civil Procedure 26(c). Rule 26(c) permits parties to seek protective orders during discovery. Discovery has not begun in this case; therefore, the motion is premature and DENIED with leave to refile.

## CONCLUSION

For the reasons set forth above, the Amended Complaint (doc. 17) is DISMISSED with leave to amend. Plaintiff's IFP petition (doc. 2) and Motion for Protective Order (doc. 6) are DENIED with leave to refile and plaintiff's Motion for Appointment of Pro Bono Counsel (doc. 10) is DENIED.

Plaintiff shall have thirty (30) days in which to file a second amended complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in the entry of a judgment of dismissal.

IT IS SO ORDERED.

Dated this 11th day of June 2019.

_____
ANN AIKEN
United States District Judge