IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JEANNE CAMARENA-REVIS, | Case No. 6:19-cv-00109-AA |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| DONNA STONEBERG, | |
| Defendant. | |

AIKEN, District Judge:

Plaintiff Jeanne Camarena-Revis seeks leave to proceed *in forma pauperis* ("IFP") in this action. (Doc. 28). For the reasons set forth below, the Second Amended Complaint (doc. 26) is DISMISSED with prejudice, plaintiff's Motion for Appointment of Pro Bono Counsel (doc. 24) is DENIED, and plaintiff's IFP petition (doc. 28) is GRANTED.

## BACKGROUND

Plaintiff was rear-ended by defendant Donna Stoneberg. She alleges that she was injured in the collision.

This is plaintiff's third complaint in this case. Plaintiff initially filed this action against Farmers Insurance on January 23, 2019, along with an IFP petition. She alleged that Farmers was liable for the payment of her medical bills related to the accident. On March 28, 2019, the Court dismissed the Complaint for lack of subject matter jurisdiction. The Court also ordered a limited term appointment of pro bono counsel, not to exceed three hours in length, for the purpose of reviewing the case with plaintiff and discussing her options for how to proceed.

After meeting with pro bono counsel, plaintiff filed her Amended Complaint, which added defendants Donna Stoneberg and Jodi Karrick and alleged that all three defendants were liable for payment of her medical bills. On June 11, 2019, the Court dismissed the Amended Complaint for lack of subject matter jurisdiction. The Court also denied plaintiff's IFP petition with leave to refile because it was incomplete.

Now, plaintiff has filed a Second Amended Complaint and amended IFP petition. In the Second Amended Complaint, plaintiff incorporates her prior complaints by reference, but asserts claims against Donna Stoneberg only. Farmers Insurance and Karrick are no longer defendants in this case.

Plaintiff specifically alleges that Stoneberg committed a tort against plaintiff when she rear-ended her and caused damage to plaintiff's car and physical injury to plaintiff. Plaintiff alleges that Farmers paid some of her medical bills, but not all, alleging unpaid bills for acupuncture and physical therapy. She seeks "750,000,00 [*sic*] dollars" in damages. Sec. Am. Compl.

## STANDARDS

When a plaintiff seeks to proceed IFP, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). A *pro se* litigant is also entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured. *Id.*

## DISCUSSION

Once again, plaintiff has not established that this Court has subject matter jurisdiction over this case. Federal subject matter jurisdiction may be based upon the presence of a federal question or on diversity of citizenship.

Plaintiff asserts that this Court has federal question jurisdiction over her claims. However, the Second Amended Complaint asserts tort claims, which, as this Court has previously explained to plaintiff, are a matter of state law and cannot give rise to federal question jurisdiction. *See* 28 U.S.C. § 1331 (requirements for federal question jurisdiction). Plaintiff asserts that the claims arise under federal law because the federal Department of Transportation issues "DMV Study Guides for people to follow and obey traffic laws." Sec. Amend. Compl. Even assuming that allegation is true, DMV study guides cannot be the basis for federal question jurisdiction because the guides do not create enforceable legal rights or a cause of action under federal law.

Although plaintiff does not assert diversity jurisdiction, the Court has reviewed the allegations in the Second Amended Complaint and concludes that she cannot establish subject matter jurisdiction on this basis. The Amended Complaint, which is incorporated by reference, alleges that Stoneberg and plaintiff are citizens of Oregon. To establish diversity jurisdiction, a plaintiff must allege that she is a citizen of one state and that all defendants are citizens of other states. 28 U.S.C. § 1332.

Plaintiff has failed to establish federal subject matter jurisdiction after the Court provided plaintiff with two opportunities to amend the jurisdictional deficiencies in her complaint and the assistance of pro bono counsel. The Court concludes that further amendment would be futile. Accordingly, the Second Amended Complaint is DISMISSED with prejudice.

## II. *Other Pending Motions*

Plaintiff has filed a Motion for Appointment of Pro Bono Counsel (doc. 24). Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(e), this Court has discretion to request volunteer counsel for indigent parties in exceptional circumstances. *Wood v. Housewright* 900 F.2d 1332, 1335 (9th Cir. 1990); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). To determine whether exceptional circumstances exist, this Court evaluates the party's likelihood of success on the merits and her ability to articulate her claims *pro se* in light of the complexity of the legal issues involved. *Wood*, 900 F.3d at 1335-36; *Wilborn*, 789 F.2d at 1331. At this stage, the Court does not find that exceptional circumstances exist to warrant appointment of counsel, as plaintiff is not likely to succeed on the merits. Accordingly, plaintiff's motion is DENIED.

Plaintiff's Amended IFP petition (doc. 28) is GRANTED. Finally, plaintiff has submitted a number of documents in support of her Amended IFP petition which appear to be original bank statements. These documents have been filed under seal in order to protect plaintiff's confidential information and the Court directs that the clerk should return the original documents to plaintiff along with a copy of this Order and the accompanying Judgment.

## CONCLUSION

Plaintiff's Amended IFP Petition (doc. 28) is GRANTED, the Second Amended Complaint (doc. 26) is DISMISSED with prejudice, and the Motion for Appointment

of Pro Bono Counsel (doc. 24) is DENIED. Final judgment shall be entered accordingly.

IT IS SO ORDERED.

Dated this 19 day of September 2019.

_____
ANN AIKEN
United States District Judge